IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**THERESA HITCHCOCK,**

      Plaintiff,

v.                                 CIVIL ACTION NO.: 3:18-CV-59
                                      (GROH)

**ALLSTATE VEHICLE AND**
**PROPERTY INSURANCE COMPANY,**
**CHERI WAGAR, MICHAEL GUIDA,**
**BRANDY WILBUR and**
**JANE OR JOHN DOE,**

      Defendants.

### ORDER GRANTING THE PLAINTIFF'S MOTION TO REMAND

Currently before the Court is the Plaintiff's Motion to Remand [ECF No. 6], filed on May 22, 2018. Defendant Allstate Vehicle and Property Insurance Company ("Allstate") filed a response in opposition on June 1, 2018. ECF No. 8. The Plaintiff filed a Reply on June 5, 2018. ECF No. 9. Accordingly, the motion is ripe for the Court's consideration. Upon thorough review and thoughtful consideration, the Court finds that the motion shall be granted for the following reasons.

### I. BACKGROUND

The Plaintiff filed this civil action in the Circuit Court of Berkeley County, West Virginia, alleging breach of contract, bad faith and unfair trade practice arising from a claim for water damage to Plaintiff's home caused by a leaky toilet. Allstate removed the case to this Court on April 25, 2018, based upon diversity jurisdiction. See ECF No. 1.

## II. FACTS

On July 6, 2016, a crack in the tank of Plaintiff's basement bathroom toilet caused water to flood her basement. See ECF No. 1-1 at 2. The Plaintiff called Allstate and reported what had happened, and Allstate sent an employee to investigate the claim. Id. Ultimately, the Plaintiff alleges that Allstate estimated the losses at $2,497.42 and sent the Plaintiff a check for $1,637.42. Id. at 3. The Plaintiff alleges that "her losses were much greater." Id.

## III. DISCUSSION

A Defendant may remove a civil action from state to federal court when the latter has original subject matter jurisdiction. Either diversity or federal question jurisdiction satisfies this requirement. See 28 U.S.C. § 1441. Federal district courts enjoy diversity jurisdiction over cases between citizens of different states when the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332.

The removing party bears the burden of establishing that jurisdiction is proper. See Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir.1994). Moreover, courts have long recognized that a plaintiff is the master of her claim. See Oklahoma Tax Comm'n v. Graham, 489 U.S. 838 (1989). Therefore, "if [a plaintiff] chooses not to assert a federal claim . . . or properly joins a nondiverse party, defendants cannot remove the action to federal court on the ground that an alternative course of conduct available to the plaintiff would have permitted removal of the case." 14B Charles Wright, Federal Practice and Procedure, § 3721, p. 59 (2009).

Significantly, the Fourth Circuit has plainly stated that "if federal jurisdiction is doubtful, a remand is necessary." Mulcahey, 29 F.3d 148, 151 (citing In re Business

Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993); Cheshire v. Coca–Cola Bottling Affiliated, Inc., 758 F. Supp. 1098, 1102 (D.S.C. 1990)). Indeed, the Mulcahey Court explained that removal jurisdiction must be strictly construed because it raises significant federalism concerns. Id. (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

Here, the plaintiff argues that diversity jurisdiction is lacking because the amount in controversy requirement has not been met. Amount in controversy is determined by "considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal." Sayre v. Potts, 32 F. Supp. 2d 881, 886 (S.D. W. Va. 1999) (citing Landmark Corp. v. Apogee Coal Co., 945 F. Supp. 932, 936–37 (S.D. W. Va. 1996)). When a complaint lacks a specific amount of damages, it is the defendant's burden to show that the claim satisfies the requisite jurisdictional amount. Seifert v.Nationwide Mut. Ins. Co., 2007 WL 1381521 (N.D. W. Va. May 9, 2007) (citing Mullins v. Harry's Mobile Homes, Inc., 861 F.Supp. 22, 23 (S.D. W. Va. 1994)).

To calculate this amount, a court must consider the record and make an independent evaluation to determine whether the amount in controversy has been satisfied. Weddington v. Ford Motor Credit Co., 59 F. Supp. 2d 578, 584 (S.D. W. Va.1999); see also Mullins (specifically stating that court may consider complaint, removal petition and "other relevant matters in the file"). Courts in this District have "consistently applied the preponderance of evidence standard to determine whether a defendant has met its burden of proving the amount in controversy." Seifert, at *1 (internal quotations omitted).

Further, when a civil action originated in state court, "[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court . . . ." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 290 (1988). In conducting this analysis, a court "is not required to leave its common sense behind." Mullins, 861 F.Supp. at 24.

In this case, Allstate estimated the Plaintiff's losses at just under $2,500. The complaint does not provide a specific number for damages; rather, it simply alleges the Plaintiff's "losses were much greater" than $2,500. In Bank of Charles Town v. Encompass Ins., this Court reasoned that when presented "[w]ith actual damages in an amount of approximately $16,000, the attorneys fees are simply not sufficient to achieve the jurisdictional standard." Civil Action No. 3:10-CV-102, 2010 WL 4806884 (N.D. W. Va. Nov. 18, 2010); see also Seifert (remanding case where specific damages were $2,232.45 and defendant argued that punitive damages, attorney's fees, and compensatory damages would satisfy jurisdictional amount).

A defendant's removal cannot be based on speculation; rather, it must be based on facts as they existed at the time of removal. Seifert, (citing Varela v. Wal–Mart Stores, East, Inc., 86 F. Supp. 2d 1109, 1112 (D.N.M. 2000)). The mere threat of punitive damages, without more, does not give rise to federal jurisdiction. Id. (citing Landmark Corp., 945 F. Supp. at 938.

Here, the Defendants have not met their burden of establishing that the amount in controversy exceeds the jurisdictional minimum of $75,000.00 through competent proof or tangible evidence. Thus, the Court is without jurisdiction and remand is required.

## IV. Conclusion

Based upon the foregoing, the Plaintiff's Motion to Remand is **GRANTED** [ECF No. 6], and the above-styled civil action shall be and is hereby **REMANDED** to the Circuit Court of Berkeley County, West Virginia, for all further proceedings.

The Clerk of Court is **DIRECTED** to transmit copies of this Order to all counsel of record and to the Circuit Clerk of Berkeley County, West Virginia. The Clerk is further **DIRECTED** to remove this civil action from the Court's active docket.

**DATED**: August 3, 2018

/s/ Gina M. Groh
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE